UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDEN LEWIS-ELLIOTT,

      Petitioner,                             CASE NO. 2:10-14732
                                            HONORABLE AVERN COHN
v.                                          UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

      Respondent.
_____/

**MEMORANDUM AND ORDER**
**DENYING THE PETITION FOR WRIT OF HABEAS CORPUS**
**AND**
**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

## I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Branden Lewis-Elliott,

("petitioner"), is a state inmate who is currently confined at the Ojibway Correctional

Facility in Marenisco, Michigan. He is serving a sentence of eighty five to one hundred

and eighty months imprisonment for assault with intent to do great bodily harm less than

murder, M.C.L. § 750.84; and being a third felony habitual offender, M.C.L. § 769.11.

Petitioner has filed a *pro se* petition for writ of habeas corpus claiming that he is

incarcerated in violation of his constitutional rights. Respondent, through the Attorney

General's Office, argues that petitioner's claims lack merit or are moot. For the reasons

which follow, the petition will be denied.

## II. Procedural History

Petitioner was originally charged with assault with intent to commit murder and

being a fourth felony habitual offender. Following a jury trial in the Oakland County

Circuit Court, petitioner was convicted of the lesser included offense of assault with intent to do great bodily harm less than murder and being a fourth felony habitual offender.  Petitioner was originally sentenced to one hundred and two to two hundred and forty months in prison.

Petitioner filed an appeal of right to the Michigan Court of Appeals, in which he raises the four claims he presents in his current habeas application.  The Michigan Court of Appeals affirmed the conviction on appeal, but ruled that petitioner should not have been sentenced as a fourth felony habitual offender and remanded the case to the trial court for petitioner to be re-sentenced as a third felony habitual offender. *People v. Lewis-Elliott*, No. 282685 (Mich. Ct. App. May 12, 2009).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court in which he raised the same claims that he raised before the Michigan Court of Appeals on his appeal of right, although he acknowledged that he had been granted relief regarding his sentence as a fourth felony habitual offender.  The Michigan Supreme Court denied petitioner leave to appeal. *People v. Lewis-Elliott,* 485 Mich. 977 (2009).

On January 19, 2010, petitioner was re-sentenced to eighty five to one hundred and eighty months in prison.

Petitioner has now filed an application for writ of habeas corpus, in which he seeks habeas relief on the following grounds:

I.  Defense trial counsel was constitutionally ineffective in failing to object to irrelevant and unfairly prejudicial evidence.

II.  The trial court violated appellant's due process rights by refusing to instruct the jury on self-defense.

III. The trial court violated appellant's due process rights by sentencing

2

appellant as a fourth habitual offender, where one of the predicate out-of-state felony convictions would have been for a misdemeanor if obtained in this state.

IV.  Defendant-Appellant is entitled to resentencing where the trial court erred in the scoring of the sentencing guidelines, Offense Variable 10, resulting in a disproportionate sentence.

### III.  Facts

Petitioners convictions stem from an altercation between petitioner and the victim apparently over a sexual advance the victim made on a woman with whom petitioner had a sexual relationship.  Testimony at trial revealed that petitioner hit the victim on the head with a bottle and kicked him two or three times.  The victim suffered an intra-cranial injury that involved shearing of the brain, resulting from blunt force trauma.  The victim's injuries were consistent with either falling onto a bottle or being hit with one.

At trial, petitioner testified that he thought the victim had a gun.  No gun, however, was found.

### IV.  Analysis

#### A.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the

3

state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct.770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could

4

disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id.*

## B.  Claim I. - Ineffective Assistance of Counsel

Petitioner first claims that he was deprived the effective assistance of trial counsel.  To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id*.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect

5

but whether that determination was unreasonable-a substantially higher threshold.'"
*Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009)(quoting *Schriro v. Landrigan*,
550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's
application of the *Strickland* standard was unreasonable. This is different from asking
whether defense counsel's performance fell below *Strickland's* standard." *Harrington v.
Richter*, 131 S. Ct. at 785. Indeed, "because the *Strickland* standard is a general
standard, a state court has even more latitude to reasonably determine that a
defendant has not satisfied that standard." *Knowles,* 129 S. Ct. at 1420 (citing
*Yarborough*, 541 U.S. at 664). Pursuant to § 2254(d)(1) standard, a "doubly deferential
judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This
means that on habeas review of a state court conviction, "[A] state court must be
granted a deference and latitude that are not in operation when the case involves
review under the *Strickland* standard itself." *Harrington*, 131 S. Ct. at 785.
"Surmounting *Strickland's* high bar is never an easy task." *Id.* at 788 (quoting *Padilla v.
Kentucky*, 130 S. Ct. 1473, 1485 (2010)).

    Petitioner alleges that trial counsel was ineffective for failing to object to several
references made by the police of the existence of an unrelated warrant for petitioner's
arrest. Petitioner claims that this evidence should have been excluded pursuant to
M.R.E. 404(b), because it was introduced to show that he had a propensity to commit
this assault.

    The Michigan Court of Appeals rejected petitioner's claim as follows:

    We disagree with defendant that the above testimony is evidence of a crime
    being used to show that defendant acted in conformity when committing the
    instant offense. Rather, the purpose was clearly to merely establish the

6

circumstances in which defendant was placed in police custody. Indeed, the above testimony does not indicate the nature of the crime for which defendant had an outstanding warrant. Moreover, even if we were to find the above testimony inadmissible, defense counsel's failure to object to the testimony did not prejudice defendant. The jury was made aware of several prior convictions through defendant's own testimony. In addition, there was overwhelming evidence that defendant hit the victim in the head with a glass bottle. We cannot conclude that there is a reasonable probability that, but for counsel's alleged error in failing to object to the alleged improper testimony, the result of the proceedings would have been different. Accordingly, defense counsel's failure to object to the testimony did not deny defendant his constitutional right to the effective assistance of counsel.

*Lewis-Elliott,* Slip. Op. at * 2-3 (internal citations omitted).

Petitioner's ineffective assistance of counsel claim fails for two reasons. First, petitioner has failed to show that counsel did not make a strategic decision to refrain from objecting to these brief references to the unrelated arrest warrant. The Sixth Circuit has noted that "experienced trial counsel learn that objections to each potentially objectionable event could actually act to their party's detriment" and thus often "use objections in a tactical manner." *Lundgren v. Mitchell,* 440 F. 3d 754, 774 (6th Cir. 2006). Counsel may have chosen not to object so as not to draw the jury's attention to these brief references to the arrest warrant. *See e.g. Stamps v. Rees*, 834 F. 2d 1269, 1276 (6th Cir. 1987)(failure to request jury admonition concerning permissible use of evidence of prior convictions did not constitute ineffective assistance "as it is quite evident that ... counsel simply wanted to get past the prior convictions as quickly as possible without bringing undue attention to them").

Moreover, assuming that counsel was deficient, petitioner is unable to show that he was prejudiced by counsel's failure to object to the brief references to his unrelated arrest warrant. The Michigan Court of Appeals rejected petitioner's ineffective

7

assistance of counsel claim, on the ground that the admission of the testimony

regarding the unrelated arrest warrant evidence was not prohibited under M.R.E.

404(b) or M.R.E. 609.  Federal habeas courts "'must defer to a state court's

interpretation of its own rules of evidence and procedure' when assessing a habeas

petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005)(quoting *Allen v. Morris*,

845 F.2d 610, 614 (6th Cir. 1988)).  Because the Michigan Court of Appeals determined

that this evidence was admissible under Michigan law, this Court must defer to that

determination in resolving petitioner's ineffective assistance of counsel claim. *See*

*Brooks v. Anderson*, 292 Fed. Appx. 431, 437-38 (6th Cir. 2008); *Adams v. Smith*, 280

F. Supp. 2d 704, 721 (E.D. Mich. 2003).  The Michigan Court of Appeals' determination

that petitioner was not denied the effective assistance of trial counsel because of

counsel's failure to object to the admission of this "bad acts" evidence was not contrary

to, or an unreasonable application of, clearly established federal law, and thus did not

warrant habeas relief.

### C.  Claim II. - Instructional Error

Petitioner next contends that the trial court erred in refusing to instruct the jury

on the defense of self-defense and defense of another.  The Michigan Court of Appeals

rejected petitioner's claim, explaining:

> Here, defendant stated that he believed that the victim might have had a gun
> because (1) the victim kept pulling up his pants the whole evening,
> suggesting that there might be something heavy in his pocket, and (2) the
> victim was "posturing" and motioning toward his pocket.  Norman Bean also
> testified that the victim motioned toward his pants, while Christine Reynolds
> testified that, at an early point in time, it looked like the victim was going to
> grab something out of his pocket.  However, at the time of the incident in
> question, Reynolds was admittedly upstairs, and furthermore, Bean testified
> that he never saw a gun, and did not known the victim to carry a gun.

Further, the police did not find any evidence to indicate that the victim had a gun.

We therefore conclude that even if defendant honestly believed that he was in danger because he thought that the victim had a gun, defendant's belief was not reasonable. In addition, defendant was admittedly the initial aggressor and under no circumstances could defendant's actions of kicking an unconscious victim three times be considered "immediately necessary to defend himself." Accordingly, the trial court did not commit error requiring reversal when it refused to instruct the jury on self-defense. We also note that the person the victim had allegedly sexually assaulted was upstairs and out of harms way at the time that defendant admittedly assaulted the victim, and thus, the trial court likewise did not commit error requiring reversal when it refused to instruct the jury on defense of another.

*Lewis-Elliott,* Slip. Op. at * 3-4 (internal citations omitted).

A defendant in a criminal trial has the right to "a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984). "[A] necessary corollary of this holding is the rule that a defendant in a criminal trial has the right, under appropriate circumstances, to have the jury instructed on his or her defense, for the right to present a defense would be meaningless were a trial court completely free to ignore that defense when giving instructions." *See Taylor v. Withrow,* 288 F. 3d 846, 852 (6th Cir. 2002). A defendant is therefore entitled to a jury instruction as to any recognized defense for which there exists evidence sufficient for a reasonable juror to find in his or her favor. *Mathews v. United States*, 485 U.S. 58, 63 (1988). A state trial court's failure to instruct a jury on self-defense when the instruction has been requested and there is sufficient evidence to support such a charge violates a criminal defendant's rights under the Due Process Clause. *Taylor,* 288 F. 3d at 851.

Under Michigan law, one acts lawfully in self-defense if he or she honestly and reasonably believes that he or she is in danger of serious bodily harm or death, as

9

judged by the circumstances as they appeared to the defendant at the time of the act. *Blanton v. Elo*, 186 F. 3d 712, 713, fn. 1 (6th Cir. 1999)(citing to *People v. Heflin*, 434 Mich. 482; 456 N. W. 2d 10 (1990)).   In Michigan, this right to act in self-defense also includes the right to defend another person.   *Johnigan v. Elo,* 207 F. Supp. 2d 599, 609 (E.D. Mich. 2002)(citing *People v. Curtis*, 52 Mich. 616, 622; 18 N.W. 385 (1884); *People v. Wright*, 25 Mich.App. 499, 503; 181 N.W.2d 649 (1970)).   To be lawful self-defense, the evidence must show that: (1) the defendant honestly and reasonably believed that he [or another person] was in danger; (2) the danger feared was death or serious bodily harm or imminent forcible sexual penetration; (3) the action taken appeared at the time to be immediately necessary; and (4) the defendant was not the initial aggressor. *Id.,* at 608-09)(citing *People v. Barker*, 437 Mich. 161, 165; 468 N.W. 2d 492 (1991); *People v. Kemp*, 202 Mich. App. 318, 322; 508 N.W.2d 184 (1993); *People v. Deason*, 148 Mich. App. 27, 31; 384 N.W.2d 72 (1985)).   Under Michigan law, a defendant is not entitled to use any more force than is necessary to defend himself.   *Johnigan,* 207 F. Supp. 2d at 609 *(citing Kemp*, 202 Mich. App. at 322).

Here, the trial court's refusal to instruct the jury on the defense of self-defense did not deprive petitioner of a fair trial, because there was insufficient evidence presented at trial to support the giving of such an instruction.   Petitioner contends that he acted in self-defense or defense of another because he believed that the victim might have a gun, due to the fact that the victim kept pulling up his pants the entire evening, which lead petitioner to believe that he might have a heavy object in his pocket, and that the victim continued motioning towards his pocket.   None of the persons present at the house, including petitioner, ever saw a firearm in the victim's

10

possession or the outline of a gun in his pocket.  The victim never threatened to shoot anyone.  Bean himself indicated that the victim never carried a firearm.  Finally, the police and paramedics did not find a gun at the crime scene.  In light of the evidence presented, the Michigan Court of Appeals reasonably determined that petitioner did not have a reasonable belief that the victim was armed with a gun.

Moreover, petitioner's self-defense claim would be undercut by the fact that he hit the victim from behind with the bottle, as well as the fact that he hit the victim first, both of which suggest that petitioner was the initial aggressor.  Petitioner's self-defense claim is also weakened by the fact that petitioner kicked the victim several times while he lay unconscious on the ground.  The fact that petitioner used excessive force would have defeated his self-defense claim.  The credibility of petitioner's self-defense claim is called into account by the several inconsistent stories that he gave to the police concerning the incident.  Finally, any claim that petitioner needed to use excessive force to protect Curtis from being sexually assaulted by the victim is undercut by the fact that she had already gone upstairs at the time that petitioner assaulted the victim.

Because there was no evidence to support petitioner's self-defense or defense of others claim, the trial court's failure to give instructions on the defense of self-defense or the defense of others did not deprive petitioner of his constitutional right to due process.  Habeas relief is not warranted.

### D.  Claim III. - Habitual Offender

Petitioner next contends that the trial court erred in sentencing him as a fourth felony habitual offender, because one of the predicate offenses that was used to charge petitioner with being an habitual offender was a prior conviction out of Arizona

11

that would not have been a felony had it been committed in Michigan.

The Michigan Court of Appeals agreed with petitioner's claim and remanded the case for re-sentencing as a third felony habitual offender.  On remand, petitioner was re-sentenced as a third habitual offender to eighty five to one hundred and eighty months.  The state court's decision to re-sentence petitioner in conformance with Michigan law moots petitioner's habitual offender claim.  *See Hill v. Sheets,* 409 Fed. Appx. 821, 824-25 (6th Cir. 2010).

### E.  Claim IV. - Sentencing

Petitioner lastly contends that the trial court erred in scoring five points under Offense Variable 10 of the Michigan Sentencing Guidelines, rendering his sentence disproportionate.

Petitioner's sentence of eighty five to one hundred and eighty months for assault with intent to do great bodily harm and being a third felony habitual offender was within the statutory limits for these offenses under Michigan law.  A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S.336, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment.  *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000).

To the extent that petitioner claims that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Thomas v.*

12

*Foltz*, 654 F. Supp. 105, 107 (E.D. Mich. 1987). Petitioner had no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *Id.; See also Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004).

To the extent that petitioner argues that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief. *See Austin*, 213 F. 3d at 300. There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F. 3d 253, 261 (6th Cir. 1995).

Petitioner also is not entitled to relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin,* 213 F.3d at 302 (internal quotation omitted). As noted above, petitioner's sentence was within the statutory maximums for his offenses. Thus, the state court acted within its discretion in imposing petitioner's sentence and there is no extreme disparity between petitioner's crime and sentence so as to offend the Eighth Amendment. *See e.g. Chandler v. Jones,* 813 F. 2d 773, 779 (6th Cir. 1987)(life sentence imposed pursuant to Habitual Criminals Act upon conviction for third-degree burglary not cruel and unusual punishment).

## V.  Conclusion

For the reasons stated above, the state courts' rejection of Petitioner's claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable

13

determination of the facts.  Accordingly, the petition for a writ of habeas corpus is

**DENIED.**

Furthermore, reasonable jurists would not debate the Court's assessment of

Petitioner's claims, nor conclude that the issues deserve encouragement to proceed

further.  The Court therefore **DECLINES** to grant a certificate of appealability under 28

U.S.C. § 2253(c)(2). [1] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

SO ORDERED.


Dated:  August 22, 2011                         _S/Avern Cohn_____
                                                AVERN COHN
                                                UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to Brandon Lewis-Elliott, 570718, Carson City Correctional Facility, 10522 Boyer Road, Carson City, MI 48811 and the attorneys of record on this date, August 22, 2011, by electronic and/or ordinary mail.


                                                _S/Julie Owens_____
                                                Case Manager, (313) 234-5160

---

[1]  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.